| UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF ILLINOIS | VOLUNTARY<br>PETITION | CHAPTER<br>13 |
|---|---|---|

| (Name of debtor:Last, First, Middle)<br>**Tate, Robert** | (Name of joint debtor:Last, First, Middle)<br>**Tate, Dorothy P.** |
|---|---|
| ALL OTHER NAMES used by the debtor in the last 6 years | ALL OTHER NAMES used by the joint debtor in the last 6 years |

*Chapter 13W/No Plan*

| Social Security / Tax I.D. NO. (if more than one, state all)<br>-5186 | Social Security / Tax I.D NO. (if more than one, state all)<br>-3366 |
|---|---|

| STREET ADDRESS OF DEBTOR  (No. street,city,state and zip)<br>**7037 S. Calumet**<br>**Chicago, IL  60637** | County<br>**Cook** | STREET ADDRESS OF JOINT DEBTOR (No. street,city,state and zip)<br>**7037 S. Calumet**<br>**Chicago, IL  60637** | County<br>**Cook** |
|---|---|---|---|

| MAILING ADDRESS OF DEBTOR (if different than street address)<br><br>**NA** | MAILING ADDRESS OF JOINT DEBTOR (if different than street address) |
|---|---|

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR
(if different from street address listed above)

**NA**

## INFORMATION REGARDING DEBTOR

**TYPE OF DEBTOR**
☒ Individual(s)        ☐ Railroad
☐ Corporation          ☐
☐ Partnership          ☐ Commodity Broker
☐ Other
_____

**VENUE**

Debtor has been domiciled or has had a residence, principal place of business or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than any other District.

**NATURE OF DEBTS**
☒ Consumer / Non-Business    ☐ Business

**CHAPTER 13**
Filing Fee is attached

STATISTICAL/ADMINISTRATIVE INFORMATION (28 U.S.C. S 604)
    (Estimates Only)

Debtor estimates that, after any exempt property is excluded and administrative expenses paid, t funds available for distribution to unsecured creditors.

THIS SPACE FOR COURT USE ONLY

U.S. Bankruptcy Court
Northern District Of Illinois
Filed: 03/30/2004
Time: 15:21:27
Debtor: ROBERT TATE
Case: 04-12492    Fee : 194
Chapter: 13 Rec. # : 3071883
Judge: Pamela Hollis
341 mtg: 04/26/2004 @ 02:00PM
ConfHrg: 05/24/2004 @ 11:00AM
Trustee: MARILYN MARSHALL

1:04BK12492-BK001

**ESTIMATED NUMBER OF CREDITORS**

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|
| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |

**ESTIMATED ASSETS**

| ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 $100 million |

**ESTIMATED DEBTS**

| ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 $100 million |

Debtor  Robert Tate  Dorothy P. Tate                                    Case No.

# CHAPTER 13

| PRIOR BANKRUPTCY CASES FILED WITHIN LAST 6 YEARS | | |
|---|---|---|
| Location Where Filed        NONE | Case Number | Date Filed |
|  |  |  |

| Pending Bankruptcy Case filed by any SPOUSE, PARTNER, or AFFILIATE of the DEBTOR (If more than one, attach additional sheets) | | |
|---|---|---|
| Name of Debtor        NONE | Case Number | Date |
| Relationship | District | Judge |

## SIGNATURES

### Signature(s) of Debtor(s)

I declare under penalty of perjury that the information provided in this petition is true and correct.

I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 13.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _Robert Tate_                 X _Dorothy P. Tate_                 _3/8/04_
Robert Tate                       Dorothy P. Tate                        Date

I, the attorney for the debtor(s) named in the foregoing petition, declare that I have informed the debtor(s) that (he, she, or they) may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter.

Name(s) of attorney(s) designated to represent the debtor

William J. Moroney   _MOW1_
_6186591_

29 S. LaSalle Street, Suite 328
Chicago, Illinois  60603
312-263-2100

Attorney                                          Attorney

_3/8/04_                                          _3/8/04_
Date                                              Date

# SCHEDULE A - REAL PROPERTY

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule A.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR(S) INTEREST IN PROPERTY | H W | CURRENT MARKET VALUE | AMOUNT OF CLAIM |
|---|---|---|---|---|
| Description : Residence<br>Address: 7037 S. Calumet, Chicago, IL 60637 | Purchase Date:1976<br>Purchase Price$25,000.00<br>Nature of Interest: Joint with Co-Debtor | J | $157,500.00 | $41,000.00 |
| | | TOTAL | $157,500.00 | $41,000.00 |

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W or J | CURRENT MARKET VALUE OF DEBTORS INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED |
|---|---|---|---|---|
| 1  Cash on hand. | | Cash:<br>Cash: | H<br>W | $20.00<br>$20.00 |
| 2  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings & loan thrift building & loan & homestead assoc. or creditor unions, brokerage houses or cooperatives | | Checking with Bank One: | J | $200.00 |
| 3  Security deposits with public utilities, telephone companies, landlords and others. | X | | | |
| 4  Household Goods and furnishings, including audio, video and computer equipment | | Household Furnishings-tv, vcr, microwave:<br>Bedroom Furniture: $3,000.00 Lien(s) | J | $1,200.00<br>$1,200.00 |
| 5  Books, pictures and other art objects, antiques, stamps, coins, records, tapes, compact discs, and other collections or collectibles | | Books:<br>Books: | H<br>W | |
| 6  Wearing apparel | | Clothing:<br>Clothing: | H<br>W | |
| 7  Furs and jewelry | X | | | |
| 8  Firearms and sports, photographic and other hobby equipment | X | | | |
| 9  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each | | Term Insurance on Job - No cash value:<br>Life Policy on Dorothy-No cash value:<br>Separate Life Policies on 3 children-No cash Value: | H<br>H<br>H | |
| 10  Annuities. Itemize and name each issuer | X | | | |
| 11  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize | | Retirement; unable to acquire until debtor quits or retires: | H | Unknown |
| 12  Stock and interests in businesses. Itemize | X | | | |
| 13  Interests in partnerships or joint ventures. Itemize | X | | | |
| 14  Bonds and other negotiable and non-negotiable instruments | X | | | |
| 15  Accounts receivable | X | | | |
| 16  Alimony, maintenance, support and property settlements to which the debtor is or may be entitled. Give particulars | X | | | |
| 17  Other liquidated debts owing debtor including tax refunds. Give particulars | X | | | |
| 18  Equitable or future interests, life estates and rights or powers exerciseable for the benefits of the debtor other than those listed in the Schedule of Real Property | X | | | |

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W or J | CURRENT MARKET VALUE OF DEBTORS INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 19. Contingent and non-contingent interests in estate of a decedent, death benfit plan, life insurance policy or trust | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor and rights to setoff claims. Give estimated value of each | X | | | |
| 21. Patents, copyrights and other intellectual property. Give particulars | X | | | |
| 22. Licenses, franchises and other general intangibles. Give particulars | X | | | |
| 23. Automobiles, trucks, trailers and other vehicles and accessories | | 1995 Pontiac Transport-109,000 miles:<br>1999 Hyundai Elantra: | J<br>J | $2,500.00<br>$3,500.00 |
| 24. Boats, motors and accessories | X | | | |
| 25. Aircraft and accessories | X | | | |
| 26. Office equipment, furnishings and supplies | X | | | |
| 27. Machinery, fixtures, equipment and supplies used in business | X | | | |
| 28. Inventory | X | | | |
| 29. Animals | X | | | |
| 30. Crops-growing or harvested. Give particulars | X | | | |
| 31. Farming equipment and implements | X | | | |
| 32. Farm supplies, chemicals and feed | X | | | |
| 33. Other personal property of any kind not already listed. Itemize | X | | | |

**TOTAL**    <u>$8,640.00</u>

Includes amount from any continuation sheets attached.
Report total also on Summary of Schedules.

Debtor  Robert Tate   Dorothy P. Tate                                    Case No.

# SCHEDULE C  -  PROPERTY CLAIMED AS EXEMPT

| DEBTOR ELECTS THE EXEMPTIONS TO WHICH DEBTOR IS ENTITLED UNDER 11 U.S.C. S 522 (B) (2) | SPECIFY LAW PROVIDING EACH Illinois EXEMPTION | VALUE OF CLAIMED EXEMPTION |
|---|---|---|
| [X]  7037 S. Calumet, Chicago, IL 60637 | 735 ILCS 5/12-901 | $15.000.00 |
| [X]  Clothing | 735 ILCS 5/12-1001 (a) | 100.00% |
| Books | 735 ILCS 5/12-1001 (a) | 100.00% |
| Clothing | 735 ILCS 5/12-1001 (a) | 100.00% |
| Books | 735 ILCS 5/12-1001 (a) | 100.00% |
| [X]  Cash | 735 ILCS 5/12-1001 (b) | Total: $0.00 $20.00 |
| Cash | 735 ILCS 5/12-1001 (b) | $20.00 |
| Term Insurance on Job - No cash value | 735 ILCS 5/12-1001 (b) | 100.00% |
| Life Policy on Dorothy-No cash value | 735 ILCS 5/12-1001 (b) | 100.00% |
| Deparate Life Policies on 3 children-No cash Value | 735 ILCS 5/12-1001 (b) | 100.00% |
| Checking with Bank One | 735 ILCS 5/12-1001 (b) | $200.00 |
| Bedroom Furniture | 735 ILCS 5/12-1001 (b) | $1,200.00 |
| Household Furnishings-tv, vcr, microwave | 735 ILCS 5/12-1001 (b) | $1,200.00 |
| [X]  1999 Hyundai Elantra | 735 ILCS 5/12-1001 (b) | Total: $2,640.00 $1,200.00 |

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

| DEBTOR ELECTS THE EXEMPTIONS TO WHICH DEBTOR IS ENTITLED UNDER 11 U.S.C. S 522 (B) (2) | SPECIFY LAW PROVIDING EACH Illinois EXEMPTION | VALUE OF CLAIMED EXEMPTION |
|---|---|---|
| 1995 Pontiac Transport-109,000 miles | 735 ILCS 5/12-1001 (b) | $1,300.00 |
| 1999 Hyundai Elantra | 735 ILCS 5/12-1001 (c) | $1,200.00 |
| 1995 Pontiac Transport-109,000 miles | 735 ILCS 5/12-1001 (c) | $1,200.00 |
| | | Total: $4,900.00 |
| [X] Retirement; unable to acquire until debtor quits or retires | 735 ILCS 5/12-1006 | 100.00% |

Debtor <u>Robert Tate   Dorothy P. Tate</u>                                           Case No.

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | C O D E B T O R | H W or J | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | TOTAL AMOUNT OF CLAIM | UNSECURED PORTION IF ANY |
|---|---|---|---|---|---|
| Countrywide Home Loans<br>6400 Legacy Drive<br>Plano, TX  75024 | | J | 1976 Residence.<br>Debtor to be disbursing agent for current mortgage payment. | $41,000.00 | |
| Value City<br>P.O. Box 659704<br>San Antonio, TX  78265-9704 | | | Bedroom Furniture. | $3,000.00 | $1,800.00 |

None of the above claims is contingent, unliquidated or disputed unless otherwise stated     **Total**     $44,000.00     $1,800.00

Debtor  <u>Robert Tate   Dorothy P. Tate</u>                                      Case No.

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIM

[X]  Check this box if debtor has no creditors holding secured claims to report on this Schedule E

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ]  Extensions of credit in an involuntary case. 11 U.S.C. 507 (a) (2).

[ ]  Wages, salaries, and commissions. 11 U.S.C. 507 (a) (3).

[ ]  Contributions to employee benefit plan. 11 U.S.C. 507 (a) (4).

[ ]  Certain farmers and fishermen. 11 U.S.C. 507 (a) (5).

[ ]  Deposits by individuals. 11 U.S.C. 507 (a) (6).

[ ]  Taxes and Certain Other Debts Owed to Govermental Units. Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. 507 (a) (7).

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | C O D E B T | H W or J | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO |
|---|---|---|---|---|---|
| None of the above claims is contingent, unliquidated or disputed unless otherwise stated. | | | **TOTAL** | $0.00 | |

Debtor  Robert Tate  Dorothy P. Tate                                          Case No.

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured non priority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | H W J or C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | TOTAL AMOUNT OF CLAIM |
|---|---|---|---|---|
| BP Amoco<br>Processing Center<br>Des Moine, IA 50360-6600 | | H | Gas Charge Account | $500.00 |
| Capital One<br>PO Box 60000<br>Seattle, WA 98190 | | W | Second Account | $2,750.00 |
| Capital One<br>P.O Box 60000<br>Seattle, WA 98190-6000 | | H | Credit Card Account | $2,950.00 |
| Capital One<br>PO Box 60000<br>Seattle, WA 98190 | | W | Credit Card | $2,900.00 |
| HFC<br>P.O. Box 17574<br>Baltimore, MD 21297-1574 | | W | Credit Card | $4,925.00 |
| Household Credit Service<br>1441 Schilling Pl<br>Salinas, CA 93912 | | H | Credit Card | $150.00 |
| JC Penny<br>P.O. Box 27570<br>Albuquerque, NM 87125 | | W | Store Account | $950.00 |

Debtor  Robert Tate  Dorothy P. Tate                                                    Case No.

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured non priority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | H W J or C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | TOTAL AMOUNT OF CLAIM |
|---|---|---|---|---|
| Lane Bryant<br>4590 E. Broad Road<br>Columbus, OH 43213 | | W | Store Account Purchases | $125.00 |
| Orchard Bank<br>Bankcard Services<br>P.O. Box 17051<br>Baltimore, MD 21297 | | H | Credit Card | $700.00 |
| Sears Card<br>PO Box 182149<br>Columbus, OH 43218-2149 | | W | Store Account Purchases | $500.00 |
| Target<br>c/o Retailers National Bank<br>P.O. Box 0102<br>Minneapolis, MN 55440-0102 | | W | Store Account Purchases | $2,300.00 |
| Walmart<br>P.O. Box 530927<br>Atlanta, GA 30335-0927 | | W | Store Account Purchases | $950.00 |

**SubTotal :** <u>$19,700.00</u>

**Unsecured portion from Schedule D :** <u>$1,800.00</u>

**TOTAL :** <u>$21,500.00</u>

None of the above claims is contingent, unliquidated or disputed unless otherwise stated

Debtor  <u>Robert Tate   Dorothy P. Tate</u>                                          Case No.

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

[X] Check this box if debtor has no executory contracts or unexpired leases

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF THE PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|

Debtor   Robert Tate   Dorothy P. Tate                                Case No.

# SCHEDULE H - CO-DEBTORS

[X]   Check this box if debtor has no co-debtors.

| NAME OF CO-DEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

# SCHEDULES I&J - CURRENT MONTHLY INCOME AND EXPENSES

| Occupation: Security Guard | How 1 years | Occupation: | How Long: |
| Employer: Guardsmark LLC North Central | Long: | Employer: Housewife: unemployed | |
| Address:  20 E. Jackson | | Address: | |
|           Chicago, IL  60604 | | , IL | |

| Expenses | | Income: | DEBTOR | SPOUSE |
|---|---|---|---|---|
| _ Rent or  X  Mortgage Payment | $669 | Gross wages, salary, commisions | $2,074 | |
| Mortgage payment includes :  X taxes  X ins. | | Estimated overtime (O.T.) | | |
| Utilities: Electricity and heating fuel | $126 | SUBTOTAL | $2,074 | |
| Water and Sewer | $25 | | | |
| Telephone | $65 | PAYROLL DEDUCTIONS | | |
| Food | $225 | a. Payroll taxes/social security | $581 | $0 |
| Clothing | $55 | b. Insurance | | |
| Laundry and dry cleaning | $10 | c. Union dues | | |
| Newspapers, books, periodicals | | d. Other | | |
| Medical and dental expenses | $45 | Net Take Home Pay | $1,493 | |
| Transportation (not including car payments) | $175 | | | |
| Miscellaneous | | TOTAL NET TAKE HOME + O.T. | $1,493 | $0 |
| | | Regular income from operation of | | |
| Insurance | | business or profession | | |
| Auto | $70 | Income from real property | | |
| Life | | | | |
| Health | | Alimony, maintenance or support | | |
| Homeowner's or Renter's | | Child Support for  0  addt'l dep's | | |
| Taxes | | Social security or other | | |
| | | government assistance | | |
| Installment payments not included in the plan | | Disability | | |
| Auto | | | | |
| Other | | Pension or retirement  income | | |
| Home maintenance and repairs | | Assistance from family | | |
| Alimony, maintenance and support | | | | |
| Support payments for  addt'l dep's | | Other:  Pension | $450 | |
| Child care | | | | |
| Business expenses | | | | |
| Other: | | TOTAL MONTHLY INCOME | $1,943 | $0 |
| **TOTAL EXPENSES** | **$1,465** | TOTAL COMBINED MONTHLY INCOME | $1,943 | |

| Marital Status :  Married | | |
|---|---|---|
| Dependents: | TOTALS Chapter 13 only | |
| Wife | A. Monthly Income | $1,943 |
| | B. Monthly Expenses | $1,465 |
| | C. Excess Income (A minus B) | $478 |
| | D. Monthly Plan Payment | $478 |

# United States Bankruptcy Court

### NORTHERN DISTRICT OF ILLINOIS

Debtor  Robert Tate   Dorothy P. Tate                                            Case No.

## SUMMARY OF SCHEDULES

| NAME OF SCHEDULE | ATTACHED (YES/NO) | No. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | | 1 | $157,500 | | |
| B - Personal Property | YES | 2 | $8,620 | | |
| C - Property Claimed as Exempt | | 2 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $44,000 | |
| E - Creditors Holding Unsecured priority Claims | YES | 1 | | $0 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 3 | | $21,500 | |
| G - Executory contracts and Unexpired Leases | YES | 1 | | | |
| H - Co-debtors | | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $1,943 |
| | | 13 | | | $1,455 |
| Total Number of Sheets of ALL Schedules → Total Assets > | | | $166,120 | | |
| Total Liabilities > | | | | $62,500 | |

In Re:

Debtor    <u>Robert Tate   Dorothy P. Tate</u>                                   Case No.

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of <u>13</u> sheets and that they are true and correct to the best of my knowledge, information and belief.        (Total shown on summary page plus1 )

_____          _____          <u>3-8-04</u>
**Robert Tate**                                    **Dorothy P. Tate**                                    Date

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C.. § 152 and § 3571.*

# STATEMENT OF FINANCIAL AFFAIRS

## United States Bankruptcy Court
### NORTHERN DISTRICT OF ILLINOIS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If any answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"*In business.*" A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"*Insider.*" The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1**   **Income from employment or operation of business**
State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
(AMOUNT, SOURCE (if more than one))

Employer - GuardsMark, Security Guard, Length of Employment - 1 years, Income Last Year - $25,000.00, Income Previous Year - $24,000.00.

**2**   **Income other than from employment or operation of business**
State the amount of income received by the debtor other than from employment, trade, profession, or operation of te debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
(AMOUNT, SOURCE)

None

**3**   **Payments to creditors**
a.  List all payments on loans, installment purchases of goods or services, and other debts aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
(NAME AND ADDRESS OF CREDITOR, DATES OF PAYMENTS, AMOUNT PAID, AMOUNT STILL OWING)

None

b.  List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
(NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR, DATE OF PAYMENT, AMOUNT PAID, AMOUNT STILL OWING)

None

**4**   **Suits and administrative proceedings, executions, garnishments and**   **None**
**attachments**
a.  List all suits and administrative proceedings to which the debtor is or was a
party within one year immediately preceding the filing of this bankruptcy case.
(Married debtors filing under chapter 12 or chapter 13 must include
information concerning either or both spouses whether or not a joint petition is
filed, unless the spouses are separated and a joint petition is not filed.)
(CAPTION OF SUIT AND CASE NUMBER, NATURE OF PROCEEDING,
COURT OR AGENCY AND LOCATION, STATUS OR DISPOSITION)

b.  Describe all property that has been attached, garnished or seized under   **None**
any legal or equitable process within one year immediately preceding the
commencement of this case.  (Married debtors filing under chapter 12 or
chapter 13 must include information concerning property of either or both
spouses whether or not a joint petition is filed, unless the spouses are
separated and a joint petition is not filed.
(NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY
WAS SEIZED, DATE OF SEIZURE, DESCRIPTION AND VALUE OF
PROPERTY)

**5**   **Repossessions, foreclosures and returns**   **None**
List all property that has been repossessed by a creditor, sold at a foreclosure
sale, transferred through a deed in lieu of foreclosure or returned to the seller,
within one year immediately preceding the commencement of this case.
(Married debtors filing under chapter 12 or chapter 13 must include
information concerning property of either or both spouses whether or not a
joint petition is filed, unless the spouses are separated and a joint petition is
not filed.)
(NAME AND ADDRESS OF CREDITOR OR SELLER, DATE OF
REPOSSESSION, FORECLOSURE SALE, TRANSER OR RETURN,
DESCRIPTION AND VALUE OF PROPERTY)

**6**   **Assignments and receiverships**   **None**
a.  Describe any assignment of property for the benefit of creditors made
within 120 days immediately preceding the commencement of this case.
(Married debtors filing under chapter 12 or chapter 13 must include any
assignment by either or both spouses whether or not a joint petition is filed,
unless the spouses are separated and a joint petition is not filed.)
(NAME AND ADDRESS OF ASSIGNEE, DATE OF ASSIGNMENT, TERMS
OF ASSIGNMENT OR SETTLEMENT)

b.  List all property which has been in the hands of a custodian, receiver, or   **None**
court-appointed official within one year immediately preceding the
commencement of this case.  (Married debtors filing under chapter 12 or
chapter 13 must include information concerning property of either or both
spouses whether or not a joint petition is filed, unless the spouses are
separated and a joint petition is not filed.
(NAME AND ADDRESS OF CUSTODIAN, NAME AND LOCATION OF
COURT CASE TITLE & NUMBER, DATE OF ORDER, DESCRIPTION AND
VALUE OF PROPERTY)

**7**   **Gifts**   **None**
List all gifts or charitable contributions made within one year immediately
preceding the commencement of this case except ordinary and usual gifts to
family members aggregating less than $200 in value per individual family
member and charitable contributions aggregating less than $100 per recipient.
(Married debtors filing under chapter 12 or chapter 13 must include gifts or
contributions by either or both spouses whether or not a joint petition is filed,
unless the spouses are separated and a joint petition is filed.)
(NAME AND ADDRESS OF PERSON OR ORGANIZATION, RELATIONSHIP
TO DEBTOR, IF ANY, DATE OF GIFT, DESCRIPTION AND VALUE OF
GIFT)

**8**   **Losses**   **None**
List all losses from fire, theft, other casualty or gambling within one year
immediately preceding the commencement of this case or since the
commencement of this case.  (Married debtors filing under chapter 12 or
chapter 13 must include losses by either or both spouses whether or not a
joint petition is filed, unless the spouses are separated and a joint petition is
not filed.)
(DESCRIPTION AND VALUE OF PROPERTY, DESCRIPTION OF
CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN
PART BY INSURANCE, GIVE PARTICULARS, DATE OF LOSS)

**9**   **Payments related to debt counseling or bankruptcy**
List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.
(NAME AND ADDRESS OF PAYEE, DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR, AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY)

Debtor agrees to pay an estimated amount of $1,800.00 to William J. Moroney in attorney fees through the Chapter 13 Trustee.

**10**   **Other transfers**
List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
(NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR, DATE, DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED)

None

**11**   **Closed financial accounts**
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
(NAME AND ADDRESS OF INSTITUTION, TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE, AMOUNT AND DATE OF SALE OR CLOSING)

None

**12**   **Safe deposit boxes**
List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
(NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY, NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY, DESCRIPTION OF CONTENTS, DATE OF TRANSFER OR SURRENDER, IF ANY)

None

**13**   **Setoffs**
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)
(NAME AND ADDRESS OF CREDITOR, DATE OF SETOFF, AMOUNT OF SETOFF)

None

**14**   **Property held for another person**
List all property owned by another person that the debtor holds or controls.
(NAME AND ADDRESS OF OWNER, DESCRIPTION AND VALUE OF PROPERTY, LOCATION OF PROPERTY)

None

**15    Prior address of debtor**                                                    None

If the debtor has moved within the two years immediately preceding the
commencement of this case, list all premises which the debtor occupied
during that period and vacated prior to the commencement of this case.  If a
joint petition is filed, report also any separate address of either spouse.
(ADDRESS, NAME USED, DATES OF OCCUPANCY)

**16    Spouses and Former Spouses**                                          None

If the debtor resides or resided in a community property state, commonwealth,
or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada,
New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-
year period immediately preceding the commencement of the case, identify
the name of the debtor's spouse and of any former spouse who resides or
resided with the debtor in the community property state.
(NAME)

**17.  Environmental Information**

For the purpose of this question, the following definitions apply:

'Environmental Law' means any federal, state, or local statue or regulation regulating pollution, contamination, releases of hazardous or toxic
substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or
regulations regulating the cleanup of these substances, wastes, or material.

'Site' means any location, facility or property as defined under any Enviornmental Law, whether or not presently or formerly owned or operated
by the debtor, including, but not limited to, disposal sites.

'Hazardous Material' means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or
contaminant or similar term under an Environmental Law.

a.  List the name and address of every site for which the debtor has received    None
notice in writing by a governmental unit that it may be liable or potentially
liable under or in violation of an Environmental Law.  Indicate the
governmental unit, the date of the notice, and, if known, the Environmental
Law.
(SITE NAME AND ADDRESS, NAME AND ADDRESS OF
GOVERNMENTAL UNIT, DATE OF NOTICE, ENVIRONMENTAL LAW)

b.  List the name and address of every site for which the debtor provided       None
notice to a governmental unit of a release of Hazardous Material.  Indicate the
governmental unit to which the notice was sent and the date of the notice.
(SITE NAME AND ADDRESS, NAME AND ADDRESS OF
GOVERNMENTAL UNIT, DATE OF NOTICE, ENVIRONMENTAL LAW)

c.  List all judicial or administrative proceedings, including settlements or    None
orders, under any Environmental Law with respect to which the debtor is or
was a party.  Indicate the name and address of the governmental unit that is
or was a party to the proceeding, and the docket number.
(NAME AND ADDRESS OF GOVERNMENTAL UNIT, DOCKET NUMBER,
STATUS OR DISPOSITION)

**18    Nature, location and name of business**                                        None

a.  If the debtor is an individual, list the names, addresses, taxpayer
identification numbers, nature of the businesses, and beginning and ending
dates of all businesses in which the debtor was an officer, director, partner, or
managing executive of a corporation, partnership, sole proprietorship, or was
a self-employed professional within the six years immediately preceding the
commencement of this case, or in which the debtor owned 5 percent or more
of the voting or equity securities within the six years immediately preceding
the commencement of this case.
(NAME, TAXPAYER I.D. NUMBER, ADDRESS, NATURE OF BUSINESS,
BEGINNING AND ENDING DATES)

b.  If the debtor is a partnership, list the names, addresses, taxpayer            None
identification numbers, nature of the businesses, and beginning and ending
dates of all businesses in which the debtor was a partner or owned 5 percent
or more of the voting or equity securities, within the six years immediately
preceding the commencement of this case.
(NAME, TAXPAYER I.D. NUMBER, ADDRESS, NATURE OF BUSINESS,
BEGINNING AND ENDING DATES)

c.  If the debtor is a corporation, list the names, addresses, taxpayer            None
identification numbers, nature of the businesses, and beginning and ending
dates of all businesses in which the debtor was a partner or owned 5 percent
or more of the voting or equity securities within the six years immediately
preceding the commencement of this case.
(NAME, TAXPAYER I.D. NUMBER, ADDRESS, NATURE OF BUSINESS,
BEGINNING AND ENDING DATES)

d.  Identify any business listed in response to subdivision a., b., c., above, that  None
is "single asset real estate" as defined in 11 U.S.C. S 101.
(NAME, ADDRESS)

In Re:

**Debtor** <u>Robert Tate   Dorothy P. Tate</u>                                                    **Case No.**

# STATEMENT OF FINANCIAL AFFAIRS

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

X _____     X _____          3-8-04
**Robert Tate**                                        **Dorothy P. Tate**                                **Date**

Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §152 and  §3571.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

Debtor   <u>Robert Tate   Dorothy P. Tate</u>

Case No.

## STATEMENT PURSUANT TO RULE 2016(b)

Pursuant to Bankruptcy Rule 2016(b) the undersigned states that:

(1)    The undersigned is the attorney for the Debtor(s) in this case

(2)    (a)    The compensation paid or agreed to be paid by the debtor(s) to the undersigned for legal services rendered or to be rendered in contemplation of and in connection with this case          $1,800.00

(b)    Prior to filing this statement, the debtor(s) paid          $400.00

(c)    The unpaid balance due and payable is          $1,400.00

(3)    All of the filing fee in this case has been paid

(4)    The services rendered or to be rendered include the following:

(a)    analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petiton under title 11 of the United States Code.

(b)    preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.

(c)    representation of the debtor(s) at the meeting of creditors.

(5)    The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed.

(6)    The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining will be from earnings, wages and compensation for services performed.

(7)    The undersigned has received no transfer, assignment or pledge of property.

(8)    The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm, any compensation paid or to be paid except as follows:

Respectfully submitted,

Attorney _____          Date 3/8/04